UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES – GENERAL

| Case No. | **2:25-cr-00505-CV** | Date | November 3, 2025 |
|---|---|---|---|

Title   ***United States of America v. Christian Damian Cerna Camacho***

Present: The Honorable    Cynthia Valenzuela, United States District Judge

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: IN CAMERA REVIEW OF GRAND JURY MATERIALS [49]**

On June 18, 2025, Defendant Christian Damian Cerna Camacho ("Defendant") was indicted on one count of assault on a federal officer pursuant to 18 U.S.C. §§ 111(a)(1), 2(a). The operative portion of the one-paragraph indictment identified another person, "Brayan Ramos-Brito," twice—including once in all capital letters, while Defendant's name appeared only in the caption. Doc. # 28 at 1. The indictment also referred to a victim identified by the initials "J.M." *Id*. On July 23 2025, a first superseding indictment was returned naming Defendant in place of Mr. Ramos-Brito and changing the victim's initials to "E.M." Doc. # 38. The charge and date of the alleged offense remained unchanged. *Id*.

Before the Court is Defendant's Motion to Compel Disclosure of Grand Jury Materials. Doc. # 49 ("Motion"). Defendant contends that the errors in the original indictment, when considered alongside recent news reports describing the Acting United States Attorney for the Central District of California pressuring line prosecutors to secure grand jury indictments in similar cases around the same time Defendant was indicted, warrant disclosure of the grand jury materials here. *Id*. at 11–12; Doc. # 49-1 at 8–16 (copy of a July 23, 2025 Los Angeles Times article titled "Trump's top federal prosecutor in L.A. struggles to secure indictments in protest cases"). Defendant contends that review of the grand jury materials is needed to

---

CRIMINAL MINUTES – GENERAL    Initials of Deputy Clerk JC

determine whether the errors in the original indictment were the product of misconduct, which could warrant dismissal of this case with prejudice. *Id*. at 12. Defendant further asserts that the errors in the original indictment suggest the grand jury violated his constitutional rights by failing to make a charge on its own judgment, and that determining precisely what went wrong justifies broad disclosure of grand jury records. *Id*.

The Government opposes the Motion, asserting that the errors on the face of the original indictment do not suggest misconduct. Doc. # 53 at 21–27. The Government further contends that Defendant has not demonstrated a "particularized need" sufficient to overcome the presumption of grand jury secrecy. *Id*. at 27–28. The Government also argues that the need for grand jury secrecy remains, because the grand jury that indicted Defendant is still empaneled and disclosure could impair their ability to impartially render decisions on similar cases. *Id*. at 28–29.

The Court has discretion to conduct an *in camera* review of the grand jury materials prior to ruling on the Motion. *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980); *accord*, *United States v. Carona*, No. SACR 06-0224 AG, 2008 WL 1970205, at *5 (C.D. Cal. May 2, 2008); *United States v. Ramirez-Ortiz*, No. 20-CR-2667-GPC, 2021 WL 1662441, at *9 (S.D. Cal. Apr. 28, 2021); *see also*, Doc. # 53 at 27 ("[In camera review] is appropriate and consistent with the law and policy to protect grand jury secrecy."). Given the circumstances here, *in camera* review is prudent for evaluating Defendant's claimed particularized need and, if warranted, tailoring any disclosure in a manner that preserves grand jury secrecy as much as possible. *See United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991).

Accordingly, IT IS HEREBY ORDERED that within **seven (7) days**, the Government shall submit the following materials to the Court for *in camera* review:
1. The grand jury transcripts and related materials for the June 18 and July 23 indictments (Doc. ## 28, 38), including the grand jury charge, any instructions, pre-deliberation proceedings, witness testimony, and post-deliberation proceedings for each;
2. The grand jury ballots for the June 18 and July 23 indictments; and
3. Copies of both indictments reflecting the grand jury foreperson's wet signature.

The Court reserves ruling on Defendant's Motion pending completion of its *in camera* review and will issue further orders as appropriate.

**IT IS SO ORDERED.**